# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Nos. 21 Misc. 18, 22 Misc. 131 & 22 Misc. 263 |

## CONTRARIAN CAPITAL MANAGEMENT, L.L.C., ET AL.'S OPPOSITION TO PDVSA'S MOTION TO INTERVENE AS MOOT

Dated:   May 12, 2023

Steven F. Molo (*pro hac vice* pending)
Justin M. Ellis (*pro hac vice* pending)
Lauren F. Dayton (*pro hac vice* pending)
Mark W. Kelley (*pro hac vice* pending)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Respectfully submitted,

LANDIS RATH & COBB LLP

/s/ *Rebecca L. Butcher*
Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
919 Market Street
Suite 1800
Wilmington, DE 19899
(302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

*Counsel for Plaintiffs*

Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Blackstone CSP-MST CTRN Fund, Polonius, LLC, and E1 SP, a Segregated Account of EMAP SPC ("Contrarian") respectfully submit this brief in opposition to the motion to intervene by Petróleos de Venezuela, S.A. ("PDVSA"). *See* D.I. 12 ("Mot.").

## ARGUMENT

PDVSA seeks to intervene so it can oppose Contrarian's motion for a conditional attachment of the PDVH shares. Mot. at 1. That request is moot, because the deadline to oppose the conditional attachment motion has already passed. Contrarian filed its motion on April 26, making any opposition brief due under the Court's local rules fourteen days later (i.e., by May 10). D.I. 3; L.R. 7.1.2(b). PDVSA let that deadline pass without filing any brief. *See* D.I. 10. PDVSA also never asked for an extension from either Contrarian or from the Court. *See id.*

Even if PDVSA could otherwise intervene at this point, it could not get an extension to oppose Contrarian's conditional-attachment motion. Now that PDVSA has missed the deadline, it cannot receive an extension unless it files a motion for that extension and shows that its delay is due to excusable neglect. *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010) ("[T]here is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." (citation omitted)); *see* Fed. R. Civ. P. 6(b)(1)(B). PDVSA has not made that motion, and it does not and cannot show excusable neglect. PDVSA has been aware of this motion since at least April 26, when Contrarian served a copy of its motion papers on PDVSA's counsel. D.I. 3-2.[1] In

---

[1] In fact, counsel for Contrarian advised counsel for PDVSA as early as March 30 of Contrarian's intention to file that motion. Counsel then corresponded via email and phone several times in April about the motion and a potential stipulation to resolve it.

addition, counsel for Contrarian conferred with counsel for PDVSA in connection with the May 8, 2023 status report the Court directed the parties to file. D.I. 8; *see also* D.I. 7. Counsel for PDVSA chose not to participate in that status report. D.I. 8. Counsel for PDVSA advised on May 5 and on May 10 that they would seek – by May 10 – to stay this case in light of the pending *OIEG* appeal in the Third Circuit. D.I. 10. But PDVSA chose not to file an opposition to Contrarian's motion, a motion for an extension, or a motion for a stay until ***after*** the deadline for an opposition had passed. PDVSA's delay in intervening is a ploy to gain an extension for its opposition to Contrarian's motion without the Court's permission. That sort of strategic choice is not excusable neglect. *See In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999) ("strategic decision[s] not to object" are not excusable neglect).

PDVSA's other arguments for why it should be allowed to ignore motion deadlines are also meritless. PDVSA argues that, because it "is not named as a party to this proceeding," "the fourteen-day deadline does not apply to it." Mot. 4 n.2.[2] But the local rules' 14-day deadline applies by its terms to parties and non-parties alike. *See* L.R. 7.1.2(b) ("[O]nce a motion has been served, the response thereto shall be filed within 14 days."). Non-parties who wish to intervene must still respect filing deadlines set by law for the relief they seek. *See, e.g., United States v. Ahmad*, 499 F.2d 851, 854 (3d Cir. 1974) (a non-party "cannot circumvent the requirements" of filing deadlines "by a later petition for intervention"); *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (parties may not use "creative legal fictions" like intervention or substitution "to evade

---

[2] PDVSA's argument is also factually misleading. Plaintiffs brought this miscellaneous action against the Republic because their judgments are against the Republic. But PDVSA had ample notice of Plaintiffs' motion, *see* pp. 1-2, *supra*, and has routinely appeared to contest every other enforcement proceeding in which a creditor sought to attach the PDVH shares.

the time limits" set by law).³  And while Contrarian had earlier advised it would not object to PDVSA's motion to intervene, Contrarian so advised only after PDVSA had represented it would at least seek a stay before the opposition deadline.⁴  Contrarian never consented for PDVSA to game these proceedings by missing the deadline and then moving to intervene.

Finally, PDVSA argues that "[p]rior to granting Plaintiffs any relief, the Court must first determine whether it has subject matter jurisdiction under the FSIA."  Mot. 4 n.2.  However, PDVSA does not actually assert that jurisdiction under the FSIA is lacking.  It is not.  As Contrarian explained in its brief, the Court has repeatedly found that it may exercise jurisdiction over Venezuela and PDVSA in cases by creditors seeking to attach the PDVH shares under an alter-ego theory.  D.I. 12 at 12-14; *O.I. Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19 Misc. 290, 2023 WL 2609248, at *28 (D. Del. Mar. 23, 2023).  In any event, PDVSA does not seek to intervene solely to test jurisdiction.  The Court should not allow PDVSA to disregard filing deadlines so it can brief an issue it does not dispute and which has already been decided against it.

Granting PDVSA an unwarranted extension would prejudice Contrarian.  Given the fast-moving nature of this case, every extra day of delay by PDVSA matters.  Other creditors have argued that they should have priority based on the date they received conditional attachments or even finished briefing their request for attachments.  Whether Contrarian's motion is granted now or deferred for weeks could put Contrarian far behind other creditors.  *See, e.g.*, No. 17 Misc. 151,

---

³ Put another way, PDVSA's motion to intervene is untimely because it well knew of the filing deadline to oppose Contrarian's attachment motion but chose not to act to protect its interests. *Benjamin v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938 (3d Cir. 2012) ("The delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights.").

⁴ That stay motion, of course, would not have excused PDVSA from its obligation to file an opposition brief unless the motion were granted before the opposition deadline had passed.

D.I. 558 at 2 n.2 & 5.  Other creditors have likewise moved for the immediate service of their writs of attachment, which may also impact priority.  *See, e.g.*, No. 19 Misc. 342, D.I. 51.  And if Contrarian's motion for collateral estoppel is denied, and Contrarian is forced to potentially seek discovery in support of its alter-ego claim, Contrarian will need to move very quickly to obtain that discovery from PDVSA to obtain a conditional attachment by the deadline to be considered as an Additional Judgment Creditor.  PDVSA's delay tactics are designed to run out the clock in hopes that Contrarian will not be able to attach the PDVH shares.  The Court should not support those tactics by allowing PDVSA to disregard filing deadlines it was well aware of.

While Contrarian agrees that PDVSA has an interest in this case, PDVSA also has responsibilities to the Court and other parties to follow the Court's rules and deadlines.[5]  PDVSA's motion to intervene to oppose that attachment should be denied as moot, and Contrarian's motion for a conditional attachment of the PDVH shares should be granted.

## CONCLUSION

PDVSA's motion to intervene should be denied.

---

[5] On May 11, PDVSA filed a letter asserting that "the parties are presently in discussion regarding an agreement on a briefing schedule on Plaintiffs' motions for writs of attachment."  D.I. 13.  While PDVSA had made such a proposal, Contrarian did not agree to it, because Contrarian did not consent to extending PDVSA's time to respond past the missed deadline.

| | |
|---|---|
| Dated:   May 12, 2023 | Respectfully submitted, |
| | LANDIS RATH & COBB LLP |
| Steven F. Molo (*pro hac vice* pending) | |
| Justin M. Ellis (*pro hac vice* pending) | /s/ *Rebecca L. Butcher* |
| Lauren F. Dayton (*pro hac vice* pending) | Rebecca L. Butcher (#3816) |
| Mark W. Kelley (*pro hac vice* pending) | Jennifer L. Cree (#5919) |
| MOLOLAMKEN LLP | 919 Market Street |
| 430 Park Avenue, 6th Floor | Suite 1800 |
| New York, NY  10022 | Wilmington, DE 19899 |
| Tel.: (212) 607-8170 | (302) 467-4400 |
| Fax: (212) 607-8161 | butcher@lrclaw.com |
| smolo@mololamken.com | cree@lrclaw.com |

*Counsel for Plaintiffs*